UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CENTURYLINK RESIDENTIAL
CUSTOMER BILLING DISPUTES
LITIGATION                                                                                                              MDL No. 2795

**TRANSFER ORDER**

**Before the Panel:**[*] CenturyLink defendants[1] move to centralize nine actions in the Western District of Louisiana, or, in the alternative, the District of Minnesota. The actions are pending in the District of Arizona, the Central District of California, the District of Colorado, the Middle District of Florida, the District of Idaho, the District of Minnesota, the District of Nevada, the District of Oregon, and the Western District of Washington, as listed on the attached Schedule A. The Panel has been informed of seven additional federal actions involving related issues.[2]

Plaintiffs in two tag-along actions in the Southern District of Iowa (*Denniston*) and the Western District of Wisconsin (*Miller*) oppose centralization. Plaintiffs in the nine constituent actions (*McLeod* plaintiffs) and plaintiffs in a potential tag-along action in the Southern District of Alabama (*Williams*) support centralization, but in the District of Arizona (or, in the alternative, the District of Minnesota). The *McLeod* and *Williams* plaintiffs also request that the MDL be renamed either, "In re: CenturyLink Sales Practices Litigation" (the *McLeod* plaintiffs' suggestion), or "In re: CenturyLink Sales and Billing Practices Litigation" (the *Williams* plaintiffs' suggestion). Defendants oppose renaming.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of these cases will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual questions arising from allegations that defendants, a family of telecommunications companies, have engaged in a range of deceptive or otherwise improper practices, such as billing

---

[*] One or more Panel members who could be members of the putative class in this litigation have renounced their participation in that class and have participated in this decision.

[1] CenturyLink Communications, LLC, Embarq Minnesota, Inc., CenturyLink, Inc., CenturyLink Public Communications, Inc., CenturyLink Sales Solutions, Inc., CenturyTel of Idaho, Inc., CenturyTel of the Gem State, Inc., and Embarq Florida, Inc.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

subscribers for telephone lines or services that the subscribers did not request, billing subscribers higher rates than the rates quoted during sales calls, imposing early termination fees when subscribers cancelled the services due to the higher-than-quoted rates, charging for periods of service before the service was connected or products received, and failing to process subscribers' service cancellation requests in a timely manner. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other pretrial matters, and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, the *Denniston* and *Miller* plaintiffs principally argue that there are differences among the various state laws on which plaintiffs bring their claims. This argument is not convincing. As the Panel has held, "[t]he presence of differing legal theories is outweighed when the underlying actions . . . arise from a common factual core." *In re: M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1364-65 (J.P.M.L. 2005) (rejecting argument that centralization was inappropriate because many of the actions were "dependent upon questions of different state laws"). The argument is weaker still given that the putative classes in *Denniston* and *Miller* are largely, and likely entirely, subsumed by the proposed nationwide classes in five of the constituent actions.[3]

We defer a decision on renaming the MDL. Three of the potential tag-along actions are federal securities actions, and, if transferred via our conditional transfer order process, necessarily will expand the litigation's parameters. Renaming the litigation at this time is premature.

We select the District of Minnesota as transferee district. One of the constituent actions is pending in that district, and its selection is supported, albeit in the alternative, by both moving defendants and a majority of responding plaintiffs. Minneapolis offers a central, readily accessible venue for all parties. Further, centralization in the District of Minnesota enables us to assign the litigation to Judge Michael J. Davis, an able and experienced jurist who has skillfully handled a number of other MDLs. We are confident that the judge will steer this litigation on a prudent course.

---

[3] *See In re: Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act. Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011) (centralizing five actions, noting that the putative classes in two of the actions were "subsumed by the alleged nationwide classes in other cases").

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable Michael J. Davis for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: CENTURYLINK RESIDENTIAL
CUSTOMER BILLING DISPUTES
LITIGATION**                                                                           MDL No. 2795

## SCHEDULE A

<u>District of Arizona</u>

ALLISON v. CENTURYLINK INCORPORATED, ET AL., C.A. No. 2:17-02162

<u>Central District of California</u>

MCLEOD, ET AL. v. CENTURYLINK, INC., ET AL., C.A. No. 2:17-04504

<u>District of Colorado</u>

CHAVEZ v. CENTURYLINK, INC., ET AL., C.A. No. 1:17-01561

<u>Middle District of Florida</u>

CARRILLO, ET AL. v. CENTURYLINK, INC., ET AL., C.A. No. 6:17-01309

<u>District of Idaho</u>

HANIFEN v. CENTURYLINK, INC., ET AL., C.A. No. 1:17-00267

<u>District of Minnesota</u>

ROMERO, ET AL. v. CENTURYLINK, INC., ET AL., C.A. No. 0:17-02832

<u>District of Nevada</u>

GARTEN v. CENTURYLINK, INC., ET AL., C.A. No. 2:17-01794

<u>District of Oregon</u>

GONSIOR v. CENTURYLINK, INC., C.A. No. 3:17-00963

<u>Western District of Washington</u>

LAWHEAD v. CENTURYLINK, INC., C.A. No. 3:17-05487